**In re Frederick H. BANKS, Petitioner.**

**No. 13–4314.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Dec. 19, 2013.

Opinion filed: Jan. 7, 2014.

Frederick H. Banks, Youngstown, OH,
pro se.

Rebecca R. Haywood, Esq., Pittsburgh,
PA, Office of United States Attorney, for
United States of America.

Before: FUENTES, JORDAN and
SHWARTZ, Circuit Judges.

## OPINION

PER CURIAM.

Frederick Banks has filed a petition for
a writ of mandamus requesting that we
order the District Court to direct a Magistrate Judge to vacate her finding that
there was probable cause to hold him on a
violation of supervised release. He also
requests that he be released from custody.
For the below reasons, we will deny the
petition.

In 2005 and 2006, Banks was convicted
of mail fraud, criminal copyright infringement, money laundering, uttering and possession of a counterfeit or forged security,
and witness tampering. He was sentenced
to 123 months in prison and six years of
supervised release. In May 2013, Banks
was released from prison. In October
2013, a petition was filed requesting a warrant for Banks's arrest for violating the
terms of his supervised release. On October 24, 2013, a Magistrate Judge found
that probable cause existed to hold Banks.
Three days later, Banks filed his mandamus petition.

The writ of mandamus will issue only in
extraordinary circumstances. *See Sporck
v. Peil,* 759 F.2d 312, 314 (3d Cir.1985).
As a precondition to the issuance of the
writ, the petitioner must establish that
there is no alternative remedy or other
adequate means to obtain the desired relief, and the petitioner must demonstrate a
clear and indisputable right to the relief
sought. *Kerr v. U.S. Dist. Court,* 426 U.S.
394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725
(1976). A writ is not a substitute for an
appeal. *See In re Briscoe,* 448 F.3d 201,
212 (3d Cir.2006).

On November 25, 2013, after Banks had
filed his mandamus petition, the District
Court found that Banks had violated his
supervised release. He was sentenced to
fourteen months in prison and six months
of supervised release. Banks has appealed
the District Court's decision. *See* C.A. No.
13–4594. Because Banks has an alternate
remedy to challenge the revocation of his
supervised release and is, in fact, pursuing
that remedy, we will deny the mandamus
petition.